UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATRICIA RILEY                                                                                    PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:21-CV-185-HSO-RPM

WOERNER AGRIBUSINESS, LLC, et al                                                    DEFENDANTS

### ORDER DENYING MOTION TO COMPEL

Before the Court is Plaintiff Patricia Riley's motion to compel supplemental discovery responses.  Doc. [164].  Plaintiff filed the instant lawsuit because of injuries sustained when her automobile collided with a tractor trailer driven by Defendant Paul Rider.  At his deposition, Rider testified that although he did not remember when he went to bed on the evening prior to the accident, he ordinarily went to bed around 7:00 p.m.  Doc. [164-4] at 5.  Rider further testified that on the evening before the accident, he woke up between 11:00 and 11:30 p.m.  *Id.* at 17.  He cranked the engine on his truck shortly after midnight.  *Id.* at 16.  The accident occurred later that morning at 7:00 a.m.  Doc. [164-5] at 5-6.  Plaintiff's counsel asked Rider whether he was tired or drowsy at the time of the accident.  *Id.* at 8.  Rider said he did not remember feeling tired or drowsy.  *Ibid.*  At the deposition, Plaintiff's counsel asked Rider about his medical conditions in general.  Doc. [164-4] at 2.  Counsel specifically asked whether Rider had trouble with sleep apnea and whether he had ever had a sleep study performed.  *Ibid.*  Rider stated he did not suffer from sleep apnea, but he had undergone a sleep study ten or more years earlier because he snored.  *Id.* at 2-3.  Plaintiff's counsel asked Rider about the results of the sleep study, to which Rider responded "[i]t was mild."  *Id.* at 3.

At issue in the motion to compel is whether Rider should be compelled to produce information related to the sleep study. Rider argues that disclosure of the sleep study is protected by the physician-patient privilege. Plaintiff counters that by virtue of his deposition testimony, Rider has waived the medical privilege.

Plaintiff filed this lawsuit in federal court based on diversity jurisdiction. Under Rule 501 of the Federal Rules of Evidence, state law determines the applicability of a privilege in civil diversity actions where state law supplies the rule of the decision. *Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 1991). Mississippi privilege law thus governs this diversity action. Mississippi courts recognize the existence of a medical privilege pursuant to Rule 503(b); however, the privilege is subject to certain exceptions and may be waived. *See Scott v. Flynt*, 704 So.2d 998, 1000-03 (Miss. 1996). Rule 503(f) provides that a party "who by his or her pleadings places in issue any aspect of his or her physical, mental or emotional condition thereby and to that extent only waives the privilege otherwise recognized by this rule." Miss. R. Evid. 503(f). As explained by the Mississippi Supreme Court, if a suit is filed "placing the plaintiff's condition in issue, then the plaintiff's medical privilege regarding any relevant medical information from whatever source is automatically waived for the purposes of and only to the extent to which the plaintiff's condition is put in issue." *Scott*, 704 So.2d at 1003. The same does not apply to defendants. Under Mississippi law, "[a] party does not waive his medical privilege by virtue of being named a defendant to a lawsuit". *Powell v. McLain*, 105 So. 3d 308, 315 (Miss. 2012).

The undersigned concludes that Defendant Rider did not waive the physician-patient privilege with respect to the sleep study merely by answering Plaintiff's questions at a deposition. *See Baptist Health v. BancorpSouth Ins. Services, Inc.*, 270 F.R.D. 268, 275-77

(N.D. Miss. 2010) (finding that attorney's deposition testimony did not waive attorney-client privilege). *But see Jackson Medical Clinic v. Moore*, 836 So.2d 767, 771-74 (Miss. 2003) (holding that deponent waived attorney-client privilege where she used communications with attorney both as a sword and shield). Contrary to Plaintiff's assertion, Defendant's compelled testimony did not operate to waive the privilege. *See Sessums by Sessums v. McFall*, 551 So.2d 178, 181 (Miss. 1989) ("testimony … on cross-examination as to communications made to his physician is not voluntary so as to constitute a waiver of his privilege."); KENNETH S. BROUN ET AL., MCCORMICK ON EVIDENCE § 103 (8th ed.) ("If the patient reveals privileged matter on cross-examination, without claiming the privilege, this is usually held not to be a waiver of the privilege enabling the adversary to make further inquiry of the doctors, on the ground that such revelations were not "voluntary.""). *See also Muller v. Rogers*, 534 N.W.2d 724, 726 (Minn. Ct. App. 1995) ("Testimony elicited on cross-examination is not voluntary, and statements made by a patient on cross-examination do not constitute a waiver of medical privilege."); *Thompson v. Crisp Container Co.*, No. 3:19-CV-1117-MAB, 2020 WL 5292043, at *2-3 (S.D. Ill. Sept. 4, 2020). Disclosure "in response to an adverse party's discovery inquiry is not voluntary." *State ex rel. Chance v. Sweeney*, 70 S.W.3d 664, 670 (Mo. Ct. App. 2002). Rather, such information has been described by some courts as "extorted" and involuntary. *See State ex rel. Behrendt v. Neill*, 337 S.W.3d 727, 729-30 (Mo. Ct. App. 2011).

Based on the foregoing, the undersigned finds that Rider did not voluntarily waive his medical privilege. Even if Rider were deemed to have waived the medical privilege, the sleep study is too remote in time and does not address whether Rider was fatigued at the time of an accident that occurred ten or more years after the date of the sleep study.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [164] Motion to Compel is DENIED.

SO ORDERED AND ADJUDGED, this the 27th day of March 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE